Motion to take off nonsuit is overruled.

*Error assigned* was refusal to take off nonsuit.

*Edward Campbell*, with him *E. C. Higbee*, for appellant.

*Nathaniel Ewing*, with him *John M. Core*, for appellee.

PER CURIAM, May 23, 1904 :
The judgment is affirmed on the opinion of the learned judge of the common pleas.

---

# Hays *v.* Allegheny County Prison Inspectors, Appellant.

*Municipalities—Public officers—Mayor of Pittsburg—City recorder—Acts of March 23, 1865, P. L. 607, March 7, 1901, P. L. 20, and April 23, 1903, P. L. 284.*

The Act of March 23, 1865, P. L. 706, provided that the mayor of Pittsburg should be a member of the board of inspectors of Allegheny County Prison. The Act of March 7, 1901, P. L. 20, provided " that the executive power in cities of the second class shall be vested in a city recorder and in the departments authorized by this act. The office of mayor of said cities is abolished." The Act of April 23, 1903, P. L. 284, provided "that the title of the chief executive of cities of the second class, which is now city recorder, is hereby changed to mayor; this shall in no way change the powers or duties pertaining to such office or officers." *Held*, that since the passage of the act of April 23, 1903, the mayor of Pittsburg is a member of the board of inspectors of Allegheny prison.

Argued May 10, 1904.   Appeal, No. 95, Oct. T., 1904, by defendant, from order of C. P. No. 3, Allegheny Co., Feb. T., 1904, No. 669, awarding a writ of peremptory mandamus in case of William B. Hays v. Inspectors of Allegheny County Prison.   Before FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ.   Affirmed.

Petition for a writ of peremptory mandamus.
From the record it appeared that the question involved is whether the mayor of Pittsburg is a member of the board of inspectors of Allegheny County Prison.

The Act of March 23, 1865, P. L. 607, provides :

" That the persons now holding the following offices, and their successors in Allegheny county, shall compose a board to be known by the name and style of inspectors of the Allegheny County Prison, to wit : The judges of the court of common pleas and district court of said county ; the sheriff, controller and county commissioners thereof ; the mayors of the cities of Pittsburg and Allegheny."

The cities of Pittsburg and Allegheny are cities of the second class.

By the general Act of March 7, 1901, P. L. 20, it is provided :

" That the executive power in cities of the second class shall be vested in a city recorder, and in the departments authorized by this act.    The office of mayor of the said cities is abolished."

By the Act of April 23, 1903, P. L. 284, it is provided :

" That the title of the chief executive of cities of the second class, which is now city recorder, is hereby changed to mayor ; but this shall in no way change the powers or duties pertaining to such office or officers."

McClung, J., filed the following opinion :

The act of 1865, in designating the parties, who shall compose the prison board, names inter alias, the persons holding the office of mayor of the city of Pittsburg and his successors.

The act of 1901 abolished the office of mayor in the city of Pittsburg.    It however provided for an officer, who was called the recorder, but who might, with equal propriety, have been called mayor, as his duties were substantially the same as those of the former mayors.    He was the chief executive officer of the city.

By the act of April 23, 1903, the title of the chief executive officer of the city was changed and again became mayor.

If we concede that the mere change of name broke the succession, so that the recorder could not be considered as designated, by the act of 1865, as one of the prison board, reasoning in the same line, we must conclude that the restoration of the name gives us a party who comes within the designation of the act, as we now have one who is not only the successor of

the person who was mayor of Pittsburg, as the incumbent of the chief executive office, but is also the mayor of that city.

When the act of April 23, 1903, restoring the names, provides that it "shall in no way change the powers or duties pertaining to such office or officer," it does not at all affect the question now before us.

The act of 1865 does not define the duties pertaining to the office of mayor, but simply refers to the occupant of that office, for the purpose of designating a person upon whom certain duties, outside of his official ones, shall devolve.

The return to the alternative mandamus is insufficient and the demurrer to it must be sustained.

The plaintiff is entitled to a peremptory writ as prayed for.

*Error assigned* was the order of the court.

*R. B. Petty*, for appellants.

*W. B. Rodgers*, with him *George H. Calvert*, for appellee.

PER CURIAM, May 23, 1904:

The judgment is affirmed on the opinion of Judge McClung.

209    349|
s216   ²633|

## Packard v. Thiel College, Appellant.

*Corporations—Franchises—Parties—Equity—Act of June 19, 1871, P. L. 1360—College—Location.*

While the Act of June 19, 1871, P. L. 1360, was not intended to permit an inquiry at the instance of a private suitor as to the validity of a charter or as to its forfeiture, it was intended to enlarge and make clear the rights of individuals to inquire into the charter franchises of corporations when asserted to their individual injury.

Where an act for the incorporation of a college provides that the college shall be permanently located as shall hereafter be determined by the trustees, and the trustees have permanently located the college at a particular place, its location cannot be changed without an amendment of its charter. In such a case persons who have contributed funds for the establishment of the college in the place where it was located, have a standing to maintain a suit in equity to prevent its removal.